McCAULEY, Appellant, *v.* DARROW et al., Respondents.

(No. 2,385.)

(Submitted October 5, 1907.  Decided October 21, 1907.)

[91 Pac. 1059.]

*Promissory Notes—Payment—Burden of Proof—Instructions— Evidence.*

Promissory Notes—Payment—Burden of Proof—Instructions.

1.  Instructions, given in an action on a promissory note, that if it appeared by a preponderance of the evidence that payment had not been made, plaintiff was entitled to recover, and that, on the contrary, if it appeared in the same way that payment had been made, the defendants were entitled to a verdict, were not objectionable as casting the burden of proving nonpayment upon plaintiff, or because of the absence of a statement as to what should be done in case of an equipoise in the evidence on the issue of payment, and could not have misled the jury, where in other parts of the charge they had been told that the burden was upon defendants to establish payment by a preponderance of the evidence, and that plaintiff's possession of the note

was to be considered by them as *prima facie* evidence that it had not been paid.

Same—Instructions—Limiting Effect of Evidence—Issues.

2. Where defendants ·in an action on a promissory note pleaded full payment by a conveyance of real property to plaintiff, made in pursuance of an agreement to that effect, and no issue had been made as to a partial payment, an instruction which limited the effect of evidence tending to show the value of the property so conveyed, to the reasonableness or unreasonableness of the agreement entered into relative to the transfer, and failed to state what should be done in case the jury found that such conveyances discharged a part of the note only, was not error.

*Appeal from District Court, Fergus County; E. K. Cheadle, Judge.*

ACTION by Julia E. McCauley against M. B. Darrow and another to recover on a promissory note. From a judgment for defendants, and an order denying a new trial, plaintiff appeals. Affirmed.

*Messrs. Blackford & Blackford,* for Appellant.

Plaintiff was not required to prove the negative allegation in the complaint of nonpayment, but the burden of proof of payment was on the defendants. (*Melone* v. *Ruffino,* 129 Cal. 514, 79 Am. St. Rep. 127, 62 Pac. 93; *Hurley* v. *Ryan,* 137 Cal. 461, 70 Pac. 292; *Stuart* y. *Lord,* 138 Cal. 672, 72 Pac. .142; *Guttermann* v. *Schroeder,* 40 Kan. 507, 20 Pac. 230; *Lerche* v. *Brasher,* 104 N. Y. 157, 10 N. E. 58; *Perot* v. *Cooper,* 17 Colo. 80, 31 Am. St. Rep. 258.) The burden of proof was not only upon the ′defendants to prove payment (*Knox* v. *Gerhauser,* 3 Mont. 275), but having asserted that they paid it in something else than money, they also assumed the additional burden of proving that such conveyance by defendants to N. M. McCauley was taken and accepted by plaintiff in full satisfaction of the said promissory note and at her risk. (*Godfrey* v. *Crisler,* 121 Ind. 203, 22 N. E. 999; *Bradley* v. *Harwi,* 43 Kan. 314, 23 Pac. 566; *Borland* v. *Nevada Bank,* 99 Cal. 89, 37 Am. St..Rep. 32, 33 Pac. 737; 2 Greenleaf on Evidence, sec. 516.) Where the court improperly places the burden of proof, the case will be reversed as a misdirection to the jury. (*Gallick* v. *Bordeaux,* 31 Mont. 328, 78 Pac. 583; *Wildey* v. *Crane,* 69 Mich. 17, 36 N. W. 734; *Chicago*

& *A. R. Co.* v. *Murphy,* 198 Ill. 470, 64 N. E. 1011; *State* v. *Grinstead,* 62 Kan. 593, 64 Pac. 49.) The evidence relative to the value of the property was admitted without objection or limitation by the court or counsel for any particular purpose, and therefore instruction No. 6, in limiting its effect, was error. (*Chan* v. *Slater,* 33 Mont. 155, 82 Pac. 657; *Williams* v. *Mechanics' etc. Fire Ins. Co.,* 54 N. Y. 577; *Logansport & P. G. Turnpike Co.* v. *Heil,* 118 Ind. 135, 20 N. E. 703.) "An instruction which singles out and draws the attention of the jury to particular facts in evidence to the exclusion of others which are quite as important in determining the issues involved is erroneous." (Hughes on Instructions to Juries, sec. 113, and authorities cited; *Crain* v. *First Nat. Bank,* 114 Ill. 516, 2 N. E. 487; *Bibbins* v. *City of Chicago,* 193 Ill. 359, 61 N. E. 1030.)

*Mr. Leonard De Kalb,* and *Mr. O. W. Belden,* for Respondents.

Ordinarily, appellant would not have been obliged to prove the negative allegation in her complaint, to wit: "That no part of the said principal sum or the interest thereon has been paid, except," etc. But appellant was zealous in her efforts to get it clearly before the court that she was ready and willing to assume the burden of proving this negative allegation, along with the other material matters arising during the progress of the trial. And where a party assumes the burden of proof below, he will not be heard to complain on appeal that the burden was fixed by the court upon the wrong party. (2 Cyc. 675; *Benjamin* v. *Shea,* 83 Iowa, 392, 49 N. W. 989; *Denton* v. *Chicago etc. Co.,* 52 Iowa, 161, 35 Am. Rep. 263, 2 N. W. 1093; *Musser* v. *Maynard,* 55 Iowa, 197, 6 N. W. 55, 7 N. W. 500.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought to recover the amount due upon a promissory note for the sum of $2,000, made and delivered by

the defendants to the Bank of Fergus County on September 11, 1903, due four months after that date, with interest at the rate of ten per cent per annum, with reasonable attorney's fees, and assigned to plaintiff. *Inter alia,* the complaint alleges that no part of the principal sum or interest due upon the note has been paid, except the sum of $266.68, which discharged the interest due up to January 11, 1905. Judgment is demanded for the principal sum and for interest due thereon from the last-mentioned date, and for $200 as reasonable attorney's fees. The defendants, answering, admit the execution and delivery of the note to the bank and its assignment to plaintiff, deny all the other allegations of the complaint, and then allege that on or about the third day of March, 1905, the note was fully paid, satisfied and discharged. Upon this allegation there was issue by reply.

At the trial counsel for plaintiff, after having it identified, introduced in evidence the note, with the indorsements thereon, showing payments of interest to the amount of $266.68, and, upon stipulation with counsel for defendants that the question of attorney's fees should be determined by the court, rested. Thereupon the defendants introduced evidence tending to show that prior to March 3, 1905, the defendant M. B. Darrow and the plaintiff and her husband, N. M. McCauley, had had several business transactions with each other, during the course of which defendant Melinda E. Darrow and McCauley became owners as tenants in common of residence property in Lewistown, Fergus county, for which they had paid $6,500. In this transaction of purchase Melinda E. Darrow had become indebted to McCauley for borrowed money to pay in part for her interest in the property to the amount of $1,250, represented by a promissory note bearing ten per cent interest. Darrow himself was indebted to McCauley to the amount of $2,740 for borrowed money. This was also represented by a promissory note bearing ten per cent interest. Darrow and his wife were further indebted to the plaintiff in the sum of $2,000, represented by the note in suit. Interest was due on these various

obligations amounting to several hundred dollars. Darrow and his wife had been occupying the property in Lewistown, but had paid no rent to McCauley. In the meantime they had expended about $1,000 in the way of repairs and improvements. On March 3, 1905, the defendant M. B. Darrow and the McCauleys had a settlement of their affairs, the result of which, it is admitted by all parties, was a conveyance by the Darrows to McCauley of the Lewistown property, in consideration of the cancellation by the McCauleys of all the mutual indebtedness between the parties, with a release of the securities held for the $1,250 and the $2,740 notes, except the note in suit. The controversy in the evidence at the trial was whether this note was also included in the settlement, and thus discharged; the defendants claiming that it was, but that it had not been surrendered by plaintiff because it had been left by her at the Bank of Fergus County for safekeeping. According to their contention, she was to cancel and surrender it as soon as she could get it from the bank. The defendants had verdict and judgment. The plaintiff has appealed from the judgment and an order denying her a new trial.

The only question submitted is whether the court erred in its charge to the jury. Paragraphs 3 and 4 are the following:

"(3) The issue for the jury in this case to decide is whether or not the said promissory note was paid. If you believe from a preponderance of all the evidence that the note has not been paid, it will be your duty to find a verdict for the plaintiff in the sum of $2,000, with interest thereon from the 11th day of January, 1905. If, on the other hand, you believe from a preponderance of the evidence that the said note has been paid by the defendants to the plaintiff, it will then be your duty to find for the defendants.

"(4) The gist of this action is the question whether or not, on or about the third day of March, 1905, the plaintiff entered into an agreement with the defendant M. B. Darrow that the promissory note for $2,000, on which this action is based, should be included in the agreement made between N. M. McCauley

and the defendants on that date, and should be satisfied by the conveyance to the said N. M. McCauley of an undivided one-half interest in the residence situated at the corner of Main street and Eighth avenue, in Lewistown, Mont. If you believe from a preponderance of all the evidence that this note was included in the said agreement, and was to be satisfied by the said conveyance, then it is your duty to find for the defendants in this action. If on the other hand, you believe from a preponderance of the evidence that the said note was not included in the said agreement, and was not satisfied by the said conveyance, then it is your duty to find for the plaintiff.''

It is argued that, while it was necessary for the plaintiff to make the allegation of nonpayment in order to show a breach of the contract, it was not incumbent upon her to prove this negative averment, but that the burden of pleading and proving payment rested upon the defendants. The complaint is that these instructions are erroneous, in that they cast the burden of proving nonpayment upon the plaintiff. Counsel support their contention by reference to several cases which discuss the question whether it is incumbent upon the plaintiff to allege in his pleading the fact of nonpayment and sustain it by proof at the trial, or whether the defendant must plead payment as a special defense and sustain the burden of proving it. We shall not venture upon an examination of this question. Under the view we take of the case, it is not necessary, for, assuming that plaintiff's contention is sustained by the weight of authority, we think the court clearly and distinctly cast the burden of proof upon the defendants. Whether they sustained it is a question not before us, for the reason that no complaint is made that the evidence was not sufficient to justify the verdict.

The instructions quoted state correct abstract propositions of law, for, if it appeared by a preponderance of the evidence that payment had not been made, the plaintiff was entitled to recover. On the contrary, if it appeared in the same way that payment had been made, the defendants were entitled to a ver-

dict. If the charge had stated nothing further, the jury might possibly have inferred that the averment of nonpayment in the complaint must have been established by a preponderance of the evidence, and that in case of an equipoise on this issue the defendants should recover. But in instructions 7 and 8 the court distinctly told the jury that the only issue in the case was whether the note had been included in the settlement of March 3, 1905, and thus discharged, and that the burden was upon the defendants to establish this fact by a preponderance of the evidence; otherwise they should find a verdict for the plaintiff. And in the ninth instruction the jury were further told that plaintiff's possession of the promissory note sued on was to be considered by them as *prima facie* evidence that it had not been paid. In view of this condition of the instructions, and in view of the further fact that the verdict was for the defendants, we do not think that the jury was misled by instructions 3 and 4, either because of the form of the statement therein, or because the court omitted to state what the jury should do in case they found the evidence to be evenly balanced on the issue of payment.

During the course of the trial, the defendants introduced evidence tending to show the value of the property in Lewistown; the purpose being to furnish foundation for an inference that the claim of the defendants that the settlement by which this property was conveyed to McCauley, in consideration of the cancellation of all the claims held by McCauley and the plaintiff against the defendants, was a reasonable one, under all the circumstances. Upon the effect that they should give to this evidence, the court instructed the jury as follows: "This testimony has been admitted, and should be considered by you, only so far as it relates to the reasonableness or unreasonableness of the agreement alleged by the defendants to have been entered into by and between them and the plaintiff on or about the third day of March, 1905." (Instruction No. 6.) It is argued that this instruction is erroneous in thus limiting the effect of this evidence. It is said that, if it appeared from this

evidence and that offered in rebuttal on the same subject by the plaintiff, that the value of this property was not equal to the full amount of all the notes, with interest, but was sufficient to pay them in part only, the court should have instructed the jury to find a verdict for such part of the amount of the note in suit as was not paid by the conveyance of the property. In this contention there is no merit. The contention of the defendants was that the note was fully paid off and discharged by the conveyance; it having been so agreed by the parties at the time. There was no middle ground, or any reason for consideration of the question whether there was any agreement that the conveyance should operate as a partial payment. There was no such issue made by the pleadings.

Finding no prejudicial error in the record, we are of the opinion that the judgment and order should be affirmed. It is so ordered.

*Affirmed.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SMITH concur.

